Filed 5/16/25  P. v. Thompson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|   |   |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DANNY LAWRENCE THOMPSON,<br><br>    Defendant and Appellant. | D084401<br><br><br>(Super. Ct. No. SCD215338) |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed and remanded with instructions.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Jon S. Tangonan, Deputy Attorneys General, for Plaintiff and Respondent.

Following a full resentencing, Danny Lawrence Thompson appeals two aspects of his sentence: (1) the trial court's deference to the California Department of Corrections and Rehabilitation to calculate custody credits up

to Thompson's June 11, 2024 resentencing, and (2) after a change in law, the remaining balance of his restitution fine. The People concede error on both points. Resolving this matter by memorandum opinion (see generally *People v. Garcia* (2002) 97 Cal.App.4th 847), we accept the People's concessions and remand with instructions. In all other respects, we affirm.

I.

In 2009, Thompson was sentenced to a total of 40 years and four months in prison after pleading guilty to eight counts of robbery (Pen. Code, § 211) with corresponding firearm enhancements (§ 12022.53(b)) and one count of residential burglary (§§ 459, 460). The trial court awarded Thompson a total of 278 days of custody credits. The court also imposed an $8,000 restitution fine under section 1202.4(b).

Years later, after CDCR identified errors in Thompson's sentence and following remand from this court (*People v. Thompson* (March 3, 2022, D078648) [nonpub. opn.]), the trial court conducted a new resentencing hearing.

On June 11, 2024, the court reimposed the same total sentence of 40 years and four months but did not recalculate Thompson's custody credits. The court recognized Thompson's custody credits were "[o]bviously . . . significantly greater" yet stated it "is the purview and the jurisdiction of" CDCR "to calculate" those credits.

II.

Thompson raises two points on appeal. We address each in turn.

A.

First, Thompson argues the trial court "erred by failing to calculate" his "custody credit[s] up to the date of the resentencing" and seeks remand "with

directions to impose custody credits up to June 11, 2024." The People concede error, and we agree.

Time served in custody shall be credited at resentencing when a judgment is subsequently declared invalid or is modified during the term of imprisonment. (§ 2900.1.) "It is the duty of the court imposing the sentence to determine . . . the total number of days to be credited." (§ 2900.5 subd. (d).) Thus, "when a prison term already in progress is modified as the result of an appellate sentence remand, the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29.)

When there is a question of the trial court's authority, we review it de novo. (*People v. Rogers* (2025) 108 Cal.App.5th 340, 354.)

Here, at the 2024 resentencing, the court imposed the same 278 days of custody credits awarded in 2009. Though it acknowledged "[c]ustody credits can change," it appears the court mistakenly believed CDCR was charged with recalculating Thompson's custody credits following resentencing. But when the court resentenced Thompson, it needed to do that calculation. (*Buckhalter*, 26 Cal.4th at p. 29.)

Accordingly, we remand to the trial court with instructions to calculate Thompson's custody credits up to his June 11, 2024 resentencing.

### B.

Second, Thompson argues his remaining restitution should be vacated under newly effective section 1465.9, subdivision (d). The People also concede this point, and we agree.

Effective January 1, 2025, any balance owed on restitution fines imposed under section 1202.4 more than 10 years after the date of imposition "shall be unenforceable and uncollectible and any portion of a judgment

3

imposing those fines shall be vacated." (§ 1465.9(d), added by Stats. 2024, ch. 805, § 1.)

We review questions of statutory interpretation de novo. (*Rogers*, 108 Cal.App.5th at p. 354.)

Here, Thompson was ordered to pay an $8,000 restitution fine under section 1202.4 in 2009. As the restitution fine was imposed well over 10 years ago, it is no longer enforceable or collectible and must be vacated. (§ 1465.9(d).)

We thus remand to the trial court with instructions to vacate the remaining balance of this restitution fine.

### III.

We remand to the trial court to (1) calculate Thompson's custody credits up to his June 11, 2024 resentencing, and (2) vacate the remaining balance of Thompson's section 1202.4(b) restitution fine. The court shall forward a certified copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation. In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:

IRION, Acting P. J.

BUCHANAN, J.

4